UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANDRES GOMEZ,,

    Plaintiff,

vs.                                        INJUNCTIVE RELIEF SOUGHT

8 AND BRICKELL, LLC, a Florida Limited
Liability Company; DURANRUBERO BEAUTY
CENTER, INC., a Florida Profit Corporation, d/b/a
THE PRAXIS INSTITUTE; SOUTH FLORIDA
CLINICAL TREATMENT CENTERS, INC., a
Florida Profit Corporation, d/b/a DOLAN MENTAL
HEALTH; JORGE BETANCOURT, M.D., P.A., a
Florida Profit Corporation

    Defendants.
_____/

## COMPLAINT

Plaintiff, ANDRES GOMEZ ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants 8 AND BRICKELL, LLC, a Florida Limited Liability Company, DURANRUBERO BEAUTY CENTER, INC., a Florida Profit Corporation, d/b/a THE PRAXIS INSTITUTE, SOUTH FLORIDA CLINICAL TREATMENT CENTERS, INC., a Florida Profit Corporation, d/b/a DOLAN MENTAL HEALTH; and JORGE BETANCOURT, M.D., P.A., a Florida Profit Corporation (hereinafter "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. ("ADA") the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), as well as violation of Section 504 of the Rehabilitation Act of 1973, 29.USC § 794 (the "Rehabilitation Act") against Defendants DURANRUBERO BEAUTY CENTER, INC., a Florida Profit Corporation, d/b/a THE PRAXIS INSTITUTE, SOUTH FLORIDA CLINICAL TREATMENT

CENTERS, INC., a Florida Profit Corporation, d/b/a DOLAN MENTAL HEALTH; and JORGE BETANCOURT, M.D., P.A., and alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, et seq., based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

2. The Court also has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3. This is an action for injunctive relief, declaratory judgment and monetary damages.

4. The remedy of monetary damages is sought exclusively under Section 504 of the Rehabilitation Act of 1973 and sought exclusively from Defendants DURANRUBERO BEAUTY CENTER, INC., a Florida Profit Corporation, d/b/a THE PRAXIS INSTITUTE (hereinafter the "The Praxis Institute"), SOUTH FLORIDA CLINICAL TREATMENT CENTERS, INC., a Florida Profit Corporation, d/b/a DOLAN MENTAL HEALTH (hereinafter "Dolan Mental Health"); and JORGE BETANCOURT, M.D., P.A. (hereinafter Dr. Betancourt).

5. Venue is proper in this federal district as all acts complained of occurred in Miami-Dade County, Florida.

## PARTIES

6. Plaintiff, ANDRES GOMEZ is a resident of the State of Florida and this judicial district, is sui juris, is disabled as defined by the ADA and the Rehabilitation Act, is legally blind, and therefore is substantially limited in performing one or more major life activities,

including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance.

7. Plaintiff uses the term "blind" or "blind person" to refer to persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision, whereas others have no vision.

8. Plaintiff's access to the real property located at 1850 SW 8 Street, Miami, FL 33135 that is listed in the Miami-Dade property appraiser's office with the folio number of 0141100632970 ("the Facility or the Property") and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Facility, including those set forth in this Complaint.

9. Beginning in July of 2016, Plaintiff was interested in becoming a student of The Praxis Institute.

10. DURANRUBERO BEAUTY CENTER, INC. is a Florida Corporation, and transacts business in the State of Florida and within this judicial district. It operates The Praxis Institute, located at 1850 SW 8th Street, Fourth Floor, Miami, FL 33135, referred to in the Complaint as the Praxis Facility and operates the Praxis Institute web site. DURANRUBERO BEAUTY CENTER, INC. is the lessee, sub-lessee, lessor and/or operator of the Praxis Facility and the improvements thereto which are the subject of this action.

11. Prior to visiting The Praxis Institute, Plaintiff attempted to visit The Praxis Institute's website to learn about the programs offered.

12. Unable to fully access The Praxis Institute's website, Plaintiff traveled to the facility on July 28, 2016.

13. In this instance, Plaintiff travelled to the Facility as a potential student, encountered the barriers to access at the Facility detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations discussed below.

14. The Praxis Institute has a web site with the web site address of www.praxis.edu. ("web site") The web site is a place of public accommodation and has a nexus with the Facility as information and informational services presented in the web site as many of the services and programs offered at the Facility are detailed on the web site. As such, the web site is a service of the Facility.

15. Under the ADA, all places of public accommodation must ensure that the disabled have full and equal enjoyment of its goods and services by making reasonable modifications to its services.

16. Public policy promotes Internet accessibility for the legally blind.

17. Plaintiff has attempted to utilize the web site for informational purposes, but due to his disability and The Praxis Institute's failure to have the web site adequately accessible to individuals with visual impairments, was unable to fully do so.

18. Covered entities under the ADA, such as The Praxis Institute, that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

19. The Praxis Institute has discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages or accommodations

through the Facility and the web site in violation of 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201 by failing to adequately program the web site to accurately and sufficiently integrate with common commercially available screen reader software utilized by Plaintiff and others with visual disabilities.

20. Plaintiff utilizes JAWS Screen Reader software, the most popular screen reader software utilized worldwide.

21. Specifically, the web site discriminates against individuals with visual impairments in the following manner:

   a. The Web Site does not contain any statement of its ADA policy towards visually impaired patrons.

   b. The Web Site does not an ADA button/link to adjust the web site format to one that is fully readably by screen reader software and/or adjust or change the font.

   c. On the "home", "about us", "programs", and "locations" page, there is a banner with information on the various programs offered at the Praxis Institute. The screen reader does not accurately read the information contained therein, inserts additional information, and reads the information out of place.

   d. On the "Home" page, there are multiple links for the various programs which are read with additional or incorrect wording; as one example "Sports Medicine & Fitness" is read as "Fitness Technology School Miami."

   e. On the multiple pages, in the Request More Information box, the screen reader is unable to properly read the information and provide prompting.

   f. The screen reader does not read the "Catalog" page.

22. Separate and distinct from Plaintiff's desire to visit the facility as a potential student, Plaintiff also sought to become a patient of Dolan Mental Health and Dr. Betancourt. In as much as neither entity has a website that provides information about the services offered, Plaintiff attempted to visit the offices of Dolan Mental Health and Dr. Betancourt on July 28, 2016.

23. SOUTH FLORIDA CLINICAL TREATMENT CENTERS, INC., is a Florida Corporation, and transacts business in the State of Florida and within this judicial district.  It operates Dolan Mental Health, located at 1850 SW 8th Street, #312, Miami, FL 33135, referred to in the Complaint as the Dolan Mental Health Facility. SOUTH FLORIDA CLINICAL TREATMENT CENTERS, INC. is the lessee, sub-lessee, lessor and/or operator of the Dolan Mental Health Facility and the improvements thereto which are the subject of this action.

24. JORGE BETANCOURT, M.D., P.A. is a Florida Corporation, and transacts business in the State of Florida and within this judicial district.  It operates JORGE BETANCOURT, M.D., P.A.  at 1850 SW 8th Street, #304, Miami, FL 33135, referred to in the Complaint as the Betancourt Facility JORGE BETANCOURT, M.D., P.A. is the lessee, sub-lessee, lessor and/or  operator of the Betancourt Facility and the improvements thereto which are the subject of this  action.

25. In this instance, Plaintiff attempted to visit the offices of Dolan Mental Health and Dr. Betancourt as a potential patient,  encountered the barriers to access at the Dolan Mental Health Facility and Betancourt Facility detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations discussed below.

26. At all times relevant to this Complaint, Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute have received Medicare/Medicaid payments, federal financial assistance, and/or other federal funds payments for services rendered to their patients and students.

27. At all times relevant to this Complaint, Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute were either aware of or deliberately indifferent to the violations of the ADA and Section 504 of the Rehabilitation Act of 1973, described in this Complaint at the time the decision was made to locate their facilities at the Property which was clearly not compliant with the ADA.

28. At all times relevant to this Complaint, Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute had opportunities to correct the numerous exterior, interior and web site ADA violations present at the property but chose not to do so.

29. Defendant, 8 AND BRICKELL, LLC is a Florida Limited Liability Company, and transacts business in the State of Florida and within this judicial district. 8 AND BRICKELL, LLC is the owner and/or operator of the Facility.

### COUNT I: VIOLATION OF THE ADA AS TO ALL DEFENDANTS

30. Plaintiff reavers the allegations set forth in paragraphs 1 through 29 as though fully stated herein.

31. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, et seq.

32. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

> (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;
>
> (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and
>
> (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

33. Congress explicitly stated that the purpose of the ADA was to:

> (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and
>
> (iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

34. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

35. The Facility is a public accommodation and service establishment.

36.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, et seq., and 28 C.F.R. §36.508(a).

37.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

38.     Plaintiff has attempted to and has, to the extent possible, accessed the Facility in his capacity as a potential student and patient of Dolan Mental Health, Dr. Betancourt, and The Praxis Institute, but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Praxis Institute's web site that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

39.     Defendants, Dolan Mental Health, Dr. Betancourt, 8 AND BRICKELL, LLC have no operational control or liability under the ADA regarding the Praxis Institute's web site.

40.     Plaintiff intends to visit the Facility and the Praxis Institute's web site again in the very near future as both a potential student and patient in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Praxis Institute's web site, but will be unable to fully do so because of his disability and the barriers to access, conditions and ADA violations that exist at the Facility and the web site that preclude and/or limit his access to the Facility and web site and/or services, facilities,

privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

41.     Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and web site, as prohibited by, and by failing to remove barriers as required by 42 U.S.C. §12182, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all barriers that exist at the Facility and web site, including those specifically set forth herein, and make the Facility and web site accessible to and usable by persons with disabilities, including Plaintiff.

42.     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

**<u>ACCESSIBLE ELEMENTS</u>**

a) The facility failed to provide accessible parking for individuals with disabilities in violation of section 208, 208.1 of the 2010 ADAAG regulations. This violation made it dangerous and difficult for Plaintiff to exit and enter his vehicle while parked at the Property and/or Facility.

b) The elevator lacks an audible signal in violation of section 407.2.2.3 of the 2010 ADAAG standards.

c) There are several stairways which do not have handrails in violation of section 504.6 and 505 of the 2010 ADAAG standards. This violation made it made it dangerous and difficult for Plaintiff to utilize the stairways and access the building.

d) There are several stairways which lack signs with braille indicating floor number and that fail to comply with section 703.5 of the 2010 ADAAG standards.

e) There are cracks on the floor of the parking garage which results in the providing pathways and surfaces that are uneven in violation of sections 206, 206.1, 206.2, 206.2.2, 303 and 403.3 of the 2010 ADAAG standards.

f) The pathway to the parking garage has a rapid decrease in slope which results in the providing of pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of sections 206, 206.1, 206.2, 206.2.2, 303, 403.3 of the 2010 ADAAG standards.

**RESTROOMS**

g) The restroom is missing proper braille signage in violation of section 216.8, 703.3, 703.5 and 703.6.1 of the 2010 ADAAG standards.

h) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of section 606.5 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to safely utilize the restroom facilities.

i) There is insufficient clear floor space around the toilet as well as obstructing elements in this space in violation of sections 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1 of the 2010 ADAAG standards.

j) The grab bars/handrails adjacent to the commode are missing in violation of section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

k) The toilet paper dispenser in the accessible lavatory is not positioned properly in violation of section 604.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

l) The toilet is not located in the proper position relative to the side wall or partition in violation of sections 604, 604.2 of the 2010 ADAAG standards.

43. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and the Praxis Institute's web site.

44. All of the above violations are readily achievable to modify in order to bring the Facility and the Praxis Institute's web site into compliance with the ADA.

45. The removal of the barriers to access and conditions present at the Facility and the Praxis Institute's web site is readily achievable because the nature and cost of the modifications are relatively low and the Defendants have the financial resources to make the necessary modifications.

46. Upon information and belief, the Facility and the Praxis Institute's web site has been altered since 2010.

47. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 42 can be applied to the 1991 ADAAG standards.

48. Plaintiff has attempted to gain access to the Facility and the Praxis Institute's web site in his capacity as a potential patient and student, but because of his disability has been denied full access to, and has been denied the benefits of services, programs and activities of the Facility and the Praxis Institute's web site, and has otherwise been discriminated against and damaged by Defendants, because of the barriers, conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

49. The removal of the barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

50. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendants.

51. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117.

52. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make

it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining all Defendants from continuing their discriminatory practices, ordering Defendants to remove the barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, required Defendant DURANRUBERO BEAUTY CENTER, INC. to modify the web site to bring it into compliance with the ADA and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

## COUNT II – Violation of the Rehabilitation Act of 1973 against Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute

53. Plaintiff reavers the allegations set forth in paragraphs 1 through 29 and 35 through 50 as though fully stated herein.

54. Prior to Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute, being located at the Facility, Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute, intentionally discriminated, or at a minimum, were deliberately indifferent to the discrimination of individuals with visual disabilities, like Plaintiff, by choosing to locate its medical offices or educational facility in a location that clearly violated multiple aspects of the ADA, the Rehabilitation Act of 1973 and ADAAG relating to visual disabilities.

55. The fact that Dolan Mental Health is a leading mental health treatment center that provides services mental health services to the citizens of Miami-Dade county, means that it is frequently called upon to treat all individuals with varying ages, demographics, and ages, including those with individuals with visually and mobility related disabilities. As such, Dolan

Mental Health is, at a minimum, deliberately indifferent to discrimination experienced by individuals with visual and mobility related disabilities.

56. The fact that Dr. Jorge Betancourt is a psychiatrist that provides services mental health services to the citizens of Miami-Dade county and is affiliated with local hospitals, means that it is frequently called upon to treat all individuals with varying ages, demographics, and ages, including those with individuals with visually and mobility related disabilities. As such, Dr. Jorge Betancourt is, at a minimum, deliberately indifferent to discrimination experienced by individuals with visual and mobility related disabilities.

57. The fact that The Praxis Institute is an institution of higher learning that strives to provide career education to the to the citizens of Miami-Dade county and advertises that it provides educational services free from discrimination, means that invites all individuals to attend its institution, including those with individuals with visually and mobility related disabilities. As such, The Praxis Institute is, at a minimum, deliberately indifferent to discrimination experienced by individuals with visual and mobility related disabilities.

58. Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute have intentionally discriminated against Plaintiff and others with visual and mobility related disabilities, by choosing a location it knew to be non-compliant with the ADA relating to barriers to access impacting the mobility impaired thus denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property. The Praxis Institute has additionally intentionally discriminated against Plaintiff by implementing a web site that is not adequately accessible/usable to the most popular screen reader software.

59. Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute have never requested from 8 AND BRICKELL, LLC, or any other prior landlord or property manager who has operational control over the Property that the barriers to access found throughout the Property be corrected despite servicing numerous individuals with visual and mobility related disabilities such as the Plaintiff.

60. By being intentionally indifferent to the plight of the visual and mobility impaired, Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute have imposed an eligibility criteria for its patients and students, this eligibility criteria tends to screen out an individual with visual or mobility related disabilities from fully enjoying the services and facilities Dolan Mental Health, Dr. Betancourt, and The Praxis Institute provides.

61. Moreover, Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute have failed to take such steps as may be necessary to ensure that no individual with a visual and mobility related disability, like Plaintiff, is excluded, denied services or otherwise treated differently than other non-disabled individuals because of the absence of auxiliary aids and services.

62. The intentional nature that the discrimination Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute have wrought on Plaintiff, stems in part from the fact that these Defendants are complex business owners who interact with individuals with visual and mobility related disabilities on a regular basis. Any failure on the part of Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute to choose a location that complies with the ADA, modify the property to comply with the ADA, configure the web site to adequately work with the most popular screen reader software (The Praxis Institute only) or for its own policies and procedures to comply with the ADA, ADAAG or Rehabilitation Act relating to barriers to

access impacting individuals with mobility-related disabilities, like Plaintiff, can only be the result of an animus or distaste against individuals with visual and mobility related impairments.

63. The intentional discrimination of the Plaintiff by Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute have caused Plaintiff to suffer emotional distress and damages in the past and he continues to suffer distress and damages in the future due to Defendants' Dolan Mental Health's, Dr. Betancourt's, and The Praxis Institute's intentional discrimination.

64. Moreover, Plaintiff's intent to return to the Facility and Property to be seen as a patient and/or attend as a student is giving him further emotional distress as he is concerned about his safety when he intends to return.

65. Plaintiff's intent to return stems, in part, from a desire not to be bullied or cringe in the face of discrimination, so despite his anxiety Plaintiff desires to return.

66. In accordance with the 11th Circuit's opinion of Sheely vs. MRI Radiology Network, 505 F.3d 1173 (11th Cir. 2007), Plaintiff seeks damages for mental and emotional distress caused by the personal humiliation, mental anguish and suffering caused by the intentional discrimination of Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute. These emotional damages are available to make whole the victims of violations of § 504 of the Rehabilitation Act.

67. Plaintiff further seeks a declaratory judgment that the Defendants' Dolan Mental Health's, Dr. Betancourt's, and The Praxis Institute's inactions, policies and practices violate the Plaintiff's rights under section 504 of the Rehabilitation Act by discriminating against him on the basis of his disability.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute from continuing its discriminatory practices, ordering Defendants Dolan Mental Health, Dr. Betancourt, and The Praxis Institute to seek removal of the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by Section 505 of the Rehabilitation Act of 1973, ordering Defendant The Praxis Institute to modify the web site to bring it into compliance with the ADA, entering a declaratory judgment asserting that Defendants' Dolan Mental Health's, Dr. Betancourt's, and The Praxis Institute's practices violate the Plaintiff's rights under section 504 of the Rehabilitation Act by intentionally discriminating against him on the basis of his disability, compensate Plaintiff for mental and emotional distress damages and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

Dated this 8th day of September, 2016.

**KAPLAN SCONZO & PARKER, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
**Email:** gsconzo@ksplaw.com
**Secondary Email:** jwise@ksplaw.com